On Rehearing.
White, J.
When a law imposing taxation is attacked on the ground of unconstitutionality, the tribunal to whom the issue is submitted for decision is apparently placed in the dilemma of violating one of two elementary rules of construction; the first, that every rule of reasonable construction by which a law is saved from constitutional inhibition is *384 to be sought after and adopted; the second, that laws imposing revenue are to be interpreted in favor of the tax-payer. Because of this ostensible clashing of those rules, we were led to grant a rehearing; and although thereon we have had the assistance of elaborate written and oral argument, we see no reason to modify the views we have already expressed.
The objections pressed upon our attention are of a two-fold nature: First, as to the intrinsic power to impose the tax complained of ; second, as to the invalidity of the tax' in consequence of the manner of its imposition, or its mode of operation when imposed.
The want of power is founded on the three following grounds: First, that article 118 of the Constitution contains an enumeration of the powers of taxation lodged in the law-making department of the Government; and that any exercise of the taxing power not therein specially included and delegated is ultra vires. Second, that the tax in controversy is an excise, and, therefore, beyond the scope of the general power of taxation, even'if such power exist. Third, that the imposition, in whatever light considered, is a tax, and, therefore, beyond the limitation of 12£ mills, as fixed in the constitutional amendment of 1874.
First: The general and elementary rule of construction is that all powers not denied exist; and that courts will not lightly or inferentially deduce from a State constitution a restriction on the sovereign rights of the people, as vested in the law-making department of the Government. Seen by this familiar principle, can an enumeration, and hence a limitation of the objects of taxation, be possibly drawn from article 118 of the constitution ?
That article reads:
“Taxation shall be equal and uniform throughout the State. All property shall be taxed in proportion to its value, to be ascertained as directed by law. The General Assembly shall have power to exempt from taxation property actually used for church, school, or charitable purposes. The General Assembly may levy an income tax upon all persons pursuing any occupation, trade, or calling, and all such persons shall obtain a license as provided by law. All tax on income shall be piro rata on the amount of income, or business done. And all deeds of sale made, or that may be made by collections of taxes, shall be received by courts in evidence as prima facie valid sales. The General Assembly shall levy a poll tax on all male inhabitants of this State, over twenty-one years old, for school and charitable purposes, which tax shall never exceed one dollar and fifty cents per annum.”
In what words of the article is an enumeration to be found ? In the provision that taxation shall be equal and uniform — .which, simply points .out a mode of taxation, or rather throws safeguards around the rneth *385 ods of exercising the taxing power? In the provisions as to license and income, which are mentioned not as objects of taxation but simply for the purpose of defining the rule by which these taxes are or may be levied? If not then in these provisions, certainly not in that which in mandatory terms directs the levy of a poll tax. In fact, were the provision statutory the utmost latitude of construction could not torture its words so as to evoke from them an enumeration ; and how much more is such the case when it is considered that the provision is a constitutional one, and, hence, to be examined with reference to the rule which teaches that every legitimate power not expressly and in terms denied is to be considered as existing.
Second: If the general power of taxation exists, as it undoubtedly does, we can not see how if the tax in question be an excise its validity would be impaired. If an excise tax, it is none the less a tax. If a tax, it is included in the general power of all taxation, unless we were to enunciate and enforce the illogical doctrine that the greater power of all and every taxation did not include the lesser power of excise taxation. Excise we are told is odious and not in harmony with free institutions. Courts can not look to the odiousness of a law for the purpose of defeating the legislative will. C. C. 20. The founders of the Republic certainly did not consider excise as dangerous to those institutions which they created and sought to transmit through the Constitution (Constitution of the United States, article one, section eight). Nor could the fathers of our State government have been greatly alarmed at the tax now before us, or looked upon it as either very tyrannical or odious, for it has been upon our statute books for more than seventy years.
Third: We consider the limitation adopted by the amendment of 1874 as one on the general annual tax for the support of the government, and, therefore, inapplicable to the provision now before us. Such conclusion was recently expressed as to a similar but statutory limitation on the taxing power of the city of New Orleans. City vs. Metropolitan Loan Bank, 31 Annual, 310. In fact, this meaning is the only one fairly to be deduced from the amendment itself. The General Assembly enacting it must have so intended; otherwise, we would be obliged to conclude that they intended to so limit the taxation as to make its total product inadequate for the payment of the constitutional expenses of the government. If the license tax had not been in contemplated continuance such would have been the inevitable result, and such tax is stricken with nullity if the construction claimed by plaintiff be correct.
The objections as to the mode are equally unfounded. It is insisted that the tax on the auction sale is a tax on the property sold. We held *386 that it was what it purports to be, a tax on the auction sale made by a licensed auctioneer, and not a tax on the property. Our conclusion was and is that such was the case, because the right to sell by a licensed auctioneer was not a necessary result of perfect ownership. Of course, if the mode of sale taxed was a mode resulting from and visceraliy connected with the property, the tax on the mode would be a tax oh the property. But the right to sell by a licensed auctioneer is not in any way an emanation of owh'ership. Such auctioneers are the creatures of the law, and whether in the proper sense of the words officers, they at least are the depositaries of a given quantum of power, the result of legal regulation, and that which is given could be taken away. We are referred to a recent case in which it is said the Supreme Court of the United States have held that a tax on auction sales is a tax on the property sold. Cook vs. the Commonwealth of Penn., not yet reported. But the true issue therein decided was that a tax on auction sales of foreign goods, different from that levied on domestic goods, was a tax on the goods imported, and hence violated the Constitution of the United States. Instead of contradicting, this case supports the opinion we have formed. Necessarily the importation gave the right to dispose at the same rate of tax of the imported property as that charged domestic, and, therefore, the charge was on the property. So in Brown vs. Maryland a license to sell imported property was held to be a charge on the property, because the right to sell such property free from license was inseparably connected with the ownership. In that case, however, Chief Justice Marshall expressly drew the line of demarkation by saying:
“ So if he sells by auction. Auctioneers are persons licensed by the State, and if the importer chooses to employ them, he can as little object to paying for this service as for any other for which he may apply to an officer of the State. The right of sale may very well be annexed to importation without annexing to it, also, the privilege of using the officers licensed by the State to make sales in a peculiar way.”
These views dispose of the case, except in so far as it is contended that the tax or charge is unequal and not uniform, but it is clearly both within the classes defined by law, and the power to classify it is as necessary as the power of taxation itself.
It is therefore ordered that our former decree remain undisturbed.